# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-4433

———————

Yasser Ebrahim,                     *

                               *

        Petitioner,           *

                               *   Petition for Review of a Final

    v.                      *   Decision of the Board of

                               *   Immigration Appeals.

Alberto Gonzales, Attorney General   *

of the United States of America,    *

                               *

        Respondent.       *

———————

Submitted: October 20, 2006
Filed: December 22, 2006

———————

Before SMITH, BOWMAN, and COLLOTON, Circuit Judges.

———————

SMITH, Circuit Judge.

Yasser Ebrahim, a native and citizen of Egypt, entered the United States as a nonimmigrant visitor for pleasure. Ebrahim married a United States citizen and his nonimmigrant status was subsequently adjusted to that of a conditional permanent resident. Thereafter, he filed a purported "joint" petition requesting removal of the conditional basis of his residence. The Immigration and Naturalization Service (INS)[1] denied the joint petition and terminated his conditional residence status. Ebrahim later

———

[1]The INS was abolished and its functions assumed by the Department of Homeland Security on March 1, 2003.

divorced his wife and withdrew the joint petition, acknowledging that the joint petition contained the forged signature of his ex-wife. He filed a second petition to remove his conditional status, seeking a waiver of the joint filing requirement under 8 U.S.C. § 1186(c)(4)(B). Ebrahim claimed that he entered the marriage in good faith and that he would suffer extreme hardship if he were removed from the United States. The INS denied the waiver request and petition, and the immigration judge (IJ) affirmed the denial. The Board of Immigration Appeals (BIA) affirmed the IJ's decision. Ebrahim now petitions for review. We dismiss the petition for lack of jurisdiction.

## I. *Background*

Ebrahim was admitted to the United States as a nonimmigrant visitor for pleasure on August 20, 1993. Ebrahim married Tameka Knazze, a United States citizen, in April 1995; however, they separated after only three months of marriage. Based on his marriage to Knazze, his nonimmigrant status was adjusted to that of a conditional permanent resident on September 20, 1995.

On August 18, 1997, Ebrahim filed a joint petition to remove the conditions on his residence with the INS. The INS sent a letter to Ebrahim's counsel indicating its intent to deny the joint petition. In response, on April 27, 2000, Ebrahim asked to withdraw the joint petition, noting that his petition was not "accurate" or "entirely truthful" and that he and his wife had since divorced.[2] The INS, however, denied the joint petition and terminated Ebrahim's conditional status on May 24, 2000, concluding that Ebrahim's marriage to Knazze was "an effort to circumvent the immigration laws of the United States." Specifically, the INS noted Ebrahim's forgery of Knazze's signature on the petition and on a lease agreement that he submitted to the INS to demonstrate that he and Knazze lived together.

---

[2]Ebrahim and Knazze divorced on April 11, 2000.

Before the INS terminated Ebrahim's conditional status, Ebrahim had filed a second petition with the INS on May 8, 2000. He requested a waiver of the joint-filing requirement for the removal of conditions under § 216(c)(4) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1186a(c)(4)(A), (B),[3] based on his "good faith" marriage to Knazze and on the ground that deportation would cause him extreme hardship.

Ebrahim, however, was charged with being removable under §237(a)(1)(D)(i) of the INA, 8 U.S.C. §1227(a)(1)(D)(i), because the INS terminated his conditional status. The INS filed an additional charge against Ebrahim under § 237(a)(1)(A) of the INA, 8 U.S.C. § 1227(a)(1)(A), alleging that he attempted to procure an immigration benefit under the INA by fraud or willfully misrepresenting a material fact. Ebrahim conceded at the hearing before the IJ that he was removable because of the termination of his conditional status but denied that he was removable for attempting to procure an immigration benefit by fraud or willfully misrepresenting a material fact. For relief

---

[3]Section 1186a(c)(4) provides, in relevant part:

The Attorney General, in the Attorney General's discretion, may remove the conditional basis of the permanent resident status for an alien who fails to meet the requirements of paragraph (1) if the alien demonstrates that—
(A) extreme hardship would result if such alien is removed,
(B) the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse) and the alien was not at fault in failing to meet the requirements of paragraph (1), or
(C) the qualifying marriage was entered into in good faith by the alien spouse and during the marriage the alien spouse or child was battered by or was the subject of extreme cruelty perpetrated by his or her spouse or citizen or permanent resident parent and the alien was not at fault in failing to meet the requirements of paragraph (1).

from removal, Ebrahim renewed his petition, applied for cancellation of removal, and, in the alternative, sought voluntary departure.

The IJ found Ebrahim removable as charged and denied his applications for relief. The IJ concluded that Ebrahim was removable as an alien who attempted to procure an immigration benefit by fraud or willful misrepresentation. With respect to the second petition, the IJ found that INS properly denied the petition because Ebrahim failed to establish that he entered into his marriage in good faith.

The IJ's opinion noted that (1) Ebrahim admitted to forging Knazze's signature on the first petition and on the lease document; (2) Ebrahim applied for and received credit cards in his name and added Knazze's name to the cards, without her knowledge, in an attempt to show that they were establishing a life together; (3) Ebrahim and Knazze had no joint assets, possessed no photographs of one another, and owned no property together; (4) Knazze never deposited money into the joint bank account and never wrote checks out of the account; (5) Ebrahim admitted to primarily keeping his money in a separate bank account; (6) Ebrahim and Knazze separated after only three months of marriage and had no contact with one another thereafter; (7) Knazze was not a credible witness; and (8) Knazze exhibited a pattern of "marrying men from another culture and filing papers on their behalf."

The IJ found that the INS correctly determined that Ebrahim would not suffer extreme hardship if removed from the United States. The judge also reiterated concerns about Knazze's credibility and also found that Ebrahim was not credible, as he had fabricated information to gain a benefit based on forged documents.

Ebrahim appealed to the BIA, arguing that he deserved a waiver because he entered into his marriage in good faith. The BIA dismissed the appeal, finding no error in the IJ's conclusion that Ebrahim failed to establish his eligibility for a waiver under

§ 1186a(c)(4)(B).[4] The BIA found, based on the "questionable credibility of the respondent, and the paucity of objective documentary evidence of the sort contemplated by the regulations, that the preponderance of the evidence does not support the respondent's claim that he entered into his marriage for a purpose other than to secure an immigration benefit."

## II. *Discussion*

On appeal, Ebrahim argues that the IJ erred by (1) failing to properly analyze whether Ebrahim and Knazze married with an intent to establish a life together; (2) reaching an adverse credibility finding that was contrary to law; and (3) inappropriately questioning Knazze's credibility and intent when she married Ebrahim.

Before reaching the merits of Ebrahim's argument, however, we must first address the government's argument that we are without jurisdiction to review petitions of the denial of a waiver under 8 U.S.C. § 1186a(c)(4) because the question of whether a marriage has been entered into in "good faith" is a matter within the unreviewable discretion of the Attorney General.

---

[4]In affirming the IJ, the BIA stated:

In the instant case, the Immigration Judge noted that the respondent and his wife had separated after only 3 months of marriage and had almost no contact thereafter. Furthermore, the Immigration Judge noted the lack of evidence of any shared property or liabilities. In fact, the respondent admitted that he fraudulently attempted to create a paper trail by forging his wife's signature on the joint petition and housing lease, and listing her as a user on his credit card accounts without her knowledge. Although there is evidence that the two had a joint checking account, the respondent admits that it was used very rarely, and his wife never put any money into it or wrote any checks from it, and that he had his own separate account (Tr. at 75). The record also reflects that the respondent lied at the 1999 interview regarding the amount of time he and his wife had lived together.

We recently held that we "lack jurisdiction to review questions of fact underlying discretionary decisions of the Attorney General, 8 U.S.C. §§ 1186a(c)(4), 1252(a)(2)(B), and are thus without jurisdiction to review the denial of the hardship waiver . . . ." *Suvorov v. Gonzales*, 441 F.3d 618, 622 (8th Cir. 2006).

In *Suvorov*, the IJ denied the petitioner's request for waiver of the requirement that he and his former spouse file a joint petition to remove the conditional basis of his permanent residence status after "determining that [the petitioner] did not enter into the marriage in good faith." *Id*. at 618. In denying the petition for review, we first recognized that the REAL ID Act (RIDA) prohibits this court from reviewing discretionary determinations of the Attorney General, such as a denial of waiver under § 1186a(c)(4). *Id*. at 621. We then found that "[w]hether the qualifying marriage was entered into in good faith by the alien spouse is a discretionary factual determination of the IJ." *Id*. Finally, we noted that the IJ, in denying the petitioner's request for waiver of the joint filing requirement, "weighed the conflicting testimony and other evidence," making an "adverse credibility determination." *Id*. at 622.

Here, the IJ, as in *Suvorov*, determined that Ebrahim was not eligible for waiver after finding that Ebrahim and Knazze were not credible and, therefore, did not enter into the marriage in good faith. Therefore, following *Suvorov*, we lack jurisdiction to review the denial of the waiver.

III. *Conclusion*

Because we lack jurisdiction, Ebrahim's petition is dismissed.

_____