# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2953

_____

| | |
|---|---|
| Martial Touho, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of a |
| v. | * Final Decision of the |
| | * Board of Immigration Appeals. |
| Alberto Gonzales, Attorney General | * |
| of the United States of America, | * [UNPUBLISHED] |
| | * |
| Respondent. | * |

_____

Submitted: June 13, 2007
Filed: June 20, 2007

_____

Before BYE, RILEY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Petitioner Martial Touho (Touho), a native and citizen of the Ivory Coast, applied for asylum, withholding of removal, protection under the Convention Against Torture (CAT), and alternatively, voluntary departure. The IJ denied Touho's applications finding Touho was not a credible witness, had submitted three fraudulent documents in support of his asylum application, and failed to establish past persecution or a well-founded fear of future persecution. The Board of Immigration Affairs (BIA) affirmed the IJ's decision.

On the same day Touho filed a petition for review with this court, Touho filed a motion to reopen with the BIA, pursuant to section 245 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1255, on grounds he recently married a United States citizen. Without deciding Touho's eligibility for an adjustment of status, the BIA reopened Touho's removal proceeding. Thereafter, we dismissed Touho's petition for review for lack of a final order of removal.

The IJ denied Touho's applications for adjustment of status and voluntary departure, finding Touho submitted fraudulent documents in connection with his earlier petition and his recent marriage was a sham entered into for the purpose of gaining immigration benefits. The IJ also denied Touho's extreme hardship waiver finding Touho's new wife, before marrying Touho, supported herself despite her numerous medical problems and could do so again if Touho were deported. On review, the BIA affirmed the IJ's ultimate decision, concluding Touho had not meaningfully challenged or addressed the IJ's discretionary findings, but the BIA disagreed with the IJ's sham marriage finding. Touho appeals, challenging the BIA's failure to remand for reconsideration of the hardship waiver after reversing the IJ's sham marriage finding.

Adjustment of status and hardship waivers are decisions within the discretion of the Attorney General. See 8 U.S.C. §§ 1182(i)(1), 1255(a)(2). Except for constitutional claims and questions of law, see id. § 1252(a)(2)(D), Congress has not bestowed jurisdiction on the courts to review these decisions. See id. §§ 1182(i)(2), 1252(a)(2)(B)(i) ("[N]o court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of [Title 8]."); see also Ebrahim v. Gonzales, 471 F.3d 880, 883-84 (8th Cir. 2006); Ignatova v. Gonzales, 430 F.3d 1209, 1213 (8th Cir. 2005). Touho does not raise any constitutional or legal questions to trigger any jurisdiction in this court. Because we lack jurisdiction to review the Attorney General's discretionary decisions to deny adjustment of status and hardship waiver, Touho's petition is dismissed.

_____